UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN GIANACOPOULOS, R.A.,            :
                                     :CIVIL ACTION NO. 3:05-CV-2417
            Plaintiff,               :
                                     :(JUDGE CONABOY)
      v.                             :
                                     :
GLEN OAK COUNTRY CLUB, et al.,       :
                                     :
            Defendants.              :
_____

### MEMORANDUM

Here we consider the three summary judgment motions pending before the Court: 1) Motion of Plaintiff, John Gianacopoulos, R.A., for Partial Summary Judgment (Doc. 44-1); 2) Defendant Mos Design Inc.'S Motion for Summary Judgment (Doc. 42-1); and 3) Defendants', Glen Oak Country Club's and Louis Shapiro's Motion for Summary Judgment (Doc. 45). All motions have been briefed and are ripe for disposition. For the reasons that follow, all summary judgment motions (Docs. 42-1, 44-1, 45) will be denied except as to Count Two of Plaintiff's Complaint for Copyright Infringement against Defendants Glen Oak, Louis Shapiro and MOS Design, Inc. (Doc. 1). The Court will hold its decision on Count Two in abeyance pending a hearing on the issues raised in Plaintiff's copyright claim. Oral argument on this claim will be scheduled under separate Order.

## **I. Background**[1]

Plaintiff is an architect who was hired to design an addition/renovation to Glen Oak Country Club ("Glen Oak"). Plaintiff and Glen Oak entered into a contract on May 12, 2002, which identified five phases of the project: schematic design phase, design development phase, construction documents phase, bidding or negotiation phase and construction phase. Plaintiff basically claims Defendant Glen Oak violated the contract and copyright laws in several ways, including that the contract was not terminated and Glen Oak entered into a subsequent contract with MOS Designs, Inc. ("MOS") in August 2003 for similar services as those contracted for with Plaintiff. Regarding lack of termination of the contract, Plaintiff claims that in or about December of 2002, Glen Oak advised him that unresolved issues regarding the kitchen design required a temporary delay of the project and that Glen Oak would proceed with the project when they were resolved. Because Glen Oak failed to terminate the contract with him, Plaintiff asserts that Glen Oak is responsible to him for all fees for basic and additional services to which he was otherwise entitled under all five phases. Plaintiff also claims that the MOS design later submitted and used by Glen Oak is substantially similar to the designs he had submitted, violating infringement of his copyrighted

---

[1] The background information is derived primarily from the parties' briefs supporting their summary judgment motions. (*See* Docs. 43, 50, 51.)

works.

Defendant Glen Oak (Defendant Shapiro is included in Glen Oak submissions) admits to entering into a contract with Plaintiff and avers that he was paid for all services rendered and no other payments are due because the contract was terminated.  Glen Oak also denies copyright infringement.  Glen Oak contends that Plaintiff was instructed to submit only schematic designs, that was the only work he did on the project and he was paid for same.  Glen Oak further maintains a decision was made to abandon the project in December 2002 because the Board determined there was insufficient support from the membership.  Glen Oak avers that it later decided to hire a new architect for a more limited project - only renovations to the new club house and locker room - and it retained MOS Designs in July 2003.  Glen Oak explains that the scope of the project was expanded after severe rainstorms flooded the locker room in September of 2003 - because of the resulting damage, the contract with MOS was revised to include a new locker room, kitchen expansion and lobby.  Glen Oak avers that it never provided MOS with copies of Plaintiff's copyrighted drawings and never saw Plaintiff's copyrighted technical drawings.  It also avers that Plaintiff's and MOS' designs are not substantially similar.

Defendant MOS denies any wrongdoing and asserts that some similarities are driven by site, structural and/or design requirements as well as board directives concerning the scope of

the project and desired outcomes.  MOS raises technical issues regarding what Plaintiff actually copyrighted and what documents are subject to copyright protection, concluding that no copyright infringement has occurred in this case.  MOS also maintains the facts show that it did not interfere with the contract between Plaintiff and Glen Oak.

   Because Plaintiff dropped Count Three and Count Five of the Complaint, the following three counts remain: Breach of Contract against Glen Oak (Count One); Copyright Infringement against all named defendants (Count Two); Tortious Interference with Contractual Relations against MOS Design (Count Four).

   Glen Oak raises a counterclaim alleging that Plaintiff has no good faith basis for his claims and has brought this action for the purpose of annoyance and oppression which entitles Glen Oak to recover costs and attorneys fees.

   Glen Oak also raises a crossclaim against MOS: in the event that Plaintiff should obtain judgement against Glen Oak, it would be entitled to indemnification from MOS.

    MOS raises a counterclaim that its designs are not substantially similar to Plaintiff's allegedly copyrighted works, that Plaintiff's allegedly "copyrighted works" are not original works of authorship and thus are not properly copyrightable, and the action is brought for the purpose of annoyance and oppression. On this basis MOS claims it is entitled to recover its costs and

4

attorneys fees.

## II. Discussion

### A. *Summary Judgment Standard*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Knabe v. Boury*, 114 F.3d 407, 410 n.4 (3d Cir. 1997)(citing Fed. R. Civ. P. 56(c)).  The summary judgment standard does not change when the parties have filed cross-motions for summary judgment. *Applemans v. City of Phila.*, 826 F.2d 214, 216 (3d Cir. 1987). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under the law applicable to the case. *Id*. at 248; *Levendos v. Stern Entertainment Inc.*, 860 F.2d 1227, 1233 (3d Cir. 1988).  An issue of material fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. *Anderson*, 477 U.S. at 257.  In determining whether a genuine issue of fact exists, a

5

court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004) (citation omitted).

   The initial burden is on the moving party to show an absence of a genuine issue of material fact.  The moving party may meet this burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *Celotex*, 477 U.S. at 325.  The non-moving party may not rest on the bare allegations contained in his or her pleadings, but is required by Federal Rule of Civil Procedure 56(e) to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  When Rule 56(e) shifts the burden of proof to the non-moving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial. *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987).

    "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of evidence." *Anderson*, 477 U.S. at 255.  Therefore, when evidentiary facts are in dispute, when the credibility of witnesses

may be in issue, or when conflicting evidence must be weighed, a full trial is usually necessary.

### B. *Motion of Plaintiff, John Gianacopoulos, R.A., for Partial Summary Judgment*

Motion of Plaintiff, John Gianacopoulos, R.A., for Partial Summary Judgment (Doc. 44-1) is denied as to Count One (Contract) and Count Four (Tortious Interference).  The Court will hold a decision on Count Two (Copyright Infringement) in abeyance pending a hearing on the issues presented in Plaintiff's copyright infringement claim.

The Court concludes Count One and Count Four of the motion should go forward based on the number of issues in these claims that have to do solely with credibility.  Similarly, a variety of issues are factually disputed.

Regarding Plaintiff's claim against Defendant Glen Oak sounding in contract (Count One), discrepancies include whether the form contract used is ambiguous.  The parties dramatically dispute the conduct of the opposing party at the time the contract was entered into and thereafter.  These matters are classic examples of issues that are not to be decided by the court on summary judgment but rather presented to the trier of fact.

Likewise, Count Four's tortious interference with contractual relations claim against MOS presents a distinct dispute as to what relationship existed between MOS Design, Inc. ("MOS") and Glen Oak including how much of Plaintiff's work Glen Oak provided to MOS and

whether MOS knew or should have known of the parameters of the relationship between Plaintiff and Glen Oak.  Therefore, summary judgment on Plaintiff's tortious interference claim is not appropriate.

As noted above, we conclude that a hearing is necessary to properly consider whether summary judgment should be entered on Plaintiff's copyright infringement claim against Defendants Glen Oak, Shapiro and MOS (Count Two).  By separate Order, the Court will set a hearing to assist with the resolution of the copyright issue.

### C.   *Defendant Mos Design Inc.'S Motion for Summary Judgment*

For the reasons discussed regarding Plaintiff's motion, Defendant Mos Design Inc.'S Motion for Summary Judgment (Doc. 42-1) is denied as to Count Four for tortious interference with contractual relations.  The Court will render a decision regarding Plaintiff's copyright infringement claim following a hearing.  MOS request for summary judgment on its counterclaim for costs and attorneys fees is moot because we do not grant summary judgment in MOS' favor.

### D.   *Defendants', Glen Oak Country Club's and Louis Shapiro's Motion for Summary Judgment*

For the reasons discussed regarding Plaintiff's motion, Defendant's, Glen Oak Country Club's and Louis Shapiro's Motion for Summary Judgment (Doc. 45) is denied as to Plaintiff's contract claim (Count One).  The Court's decision on copyright infringement

8

is held in abeyance until after the hearing on the issues presented in that claim.

### III. Conclusion

As set out above, all motions are denied except as they pertain to Plaintiff's claim for copyright infringement (Count Two). By separate Order, a hearing will be scheduled on the copyright claim. An appropriate Order follows.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: _December 12, 2006_____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN GIANACOPOULOS, R.A.,      :
                               :CIVIL ACTION NO. 3:05-CV-2417
       Plaintiff,              :
                               :(JUDGE CONABOY)
       v.                      :
                               :
GLEN OAK COUNTRY CLUB, et al.,:
                               :
       Defendants.             :
_____

### ORDER

 AND NOW, THIS 12 th  DAY OF DECEMBER 2006, FOR THE REASONS SET OUT IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1. Motion of Plaintiff, John Gianacopoulos, R.A., for Partial Summary Judgment (Doc. 44-1) is DENIED except as to Count Two for copyright infringement on which the Court will render a decision following oral argument;

2. Defendant Mos Design Inc.'S Motion for Summary Judgment (Doc. 42-1) is DENIED except as to Count Two for copyright infringement on which the Court will render a decision following oral argument;

3. Defendants', Glen Oak Country Club's and Louis Shapiro's Motion for Summary Judgment (Doc. 45) is DENIED except as to Count Two for copyright infringement on which the Court will render a decision following oral argument;

4. Oral argument on Plaintiff's copyright infringement claim (Count Two) will be scheduled by separate order;

    5.    The Clerk of Court is directed to mark the docket.

                                      S/Richard P. Conaboy
                                      RICHARD P. CONABOY
                                      United States District Judge